EDWARD NEINDORF, Appellee, v. F. VAN DE VOORDE and IREMA VAN DE VOORDE, Appellants.

**Landlord and Tenant:** EVIDENCE: OFFER OF COMPROMISE: AUTHORITY OF ATTORNEY. In this action for rent plaintiff testified that in a conversation with defendants they told him to go to their attorney and get his money, that he went and was offered a sum less than his demand and was told that if he did not accept it it would cost him several times as much in the end. *Held,* that

the attorney's statement was not subject to the objection that he had no authority to speak for defendants.

**Evidence:** RELEVANCY: OBJECTION. In support of defendant's counter claim for board of plaintiff, care of stock, etc., defendant's evidence tending to show that plaintiff was a disagreeable boarder, and had appropriated to his own use the only available place in the house for a heating stove, the inquiries, "How was that as to causing the baby to suffer" and "Did it make your potatoes freeze that winter," were objectionable both as to form and as to subject matter.

**Landlord and Tenant:** COUNTERCLAIM: PAYMENT: BURDEN OF PROOF: INSTRUCTIONS. Instructions which cast the burden of proof with respect to an issue upon plaintiff and the same burden on defendant, are contradictory and erroneous; as in this action for rent where the tenant counterclaimed for board of plaintiff, the court told the jury that defendants must not only prove the length of time plaintiff boarded with them and the value of such board, but also that no part of the same had been paid, and also told them that the burden was on plaintiff to prove that he had paid the board. But as defendants were not entitled under the evidence to recover on their counterclaim, they were not prejudiced by the erroneous instructions.

*Appeal from Buchanan District Court.*—HON. F. C. PLATT, Judge.

FRIDAY, MARCH 12, 1909.

REHEARING DENIED FRIDAY, JULY 2, 1909.

THIS is an action to recover on a rent note for $180. Defendants pleaded a counterclaim for board and labor and for use of property and for damages, amounting to several hundred dollars. Upon trial to a jury there was an allowance on the counterclaim to the amount of $34, and a general verdict for the plaintiff for $146 and some cents. The defendants appeal.—*Affirmed.*

*E. B. Abbott, M. W. Harmon* and *Cook & Cook,* for appellants.

*Springer & Smith,* for appellee.

EVANS, C. J.—In October, 1905, the parties hereto entered into a written lease whereby the plaintiff leased his farm to the defendants for one year, commencing March 1, 1906, for a rental of $360 represented by two rent notes of $180 each, maturing December 1, 1906, and March 1, 1907. Immediately after the execution of the lease, the defendants entered upon the leased premises under some oral arrangement with the plaintiff, the terms of which are more or less in dispute. It is undisputed that the plaintiff's stock was to remain upon the premises until March 1st, and that the defendants were to receive $10 per month for caring for the same. It is also undisputed that some of such stock remained upon the premises to a later date than March 1, 1906. It appears, also, without dispute that the plaintiff boarded with the defendants until December 1, 1906. The plaintiff claims that he was to pay $10 per month for the care of the stock and $10 per month for his board, and that he paid the same from time to time as it accrued to the defendants. He also claims that on December 1, 1906, being the date of maturity of the first rent note, he had a full settlement with the defendants for the balance due them, amounting to $51.42, and that such sum was allowed as a credit on the rent note, and that they paid him on such date $130.98, the resulting balance due on the note, making a total of $182.40. One of the items of defendants' counterclaim is for $2.40 of the alleged interest overpaid on that date, and this overpayment is conceded by the plaintiff. The controversy between the parties arises upon the defendants' counterclaim. It is voluminous, and covers six printed pages in the abstract. It includes a claim for board at $5 a week, amounting to $223, also a claim for labor and caring for the stock, and for damages for allowing the stock to run upon the meadow, and for other items of damage, for leaving gates open and breaking tools, and

for use of a horse and buggy and other minor matters. The sum total of the items amounts to over $600. Judgment thereon is asked, however, for only $400. The plaintiff denied all these claims, and pleaded the settlement of December 1, 1906, as a complete bar to the claim; all the items of defendants' counterclaim having accrued prior to such date, if at all.

I. Appellants complain of certain rulings of the court in the admission of testimony, and we will give these our first consideration. The first complaint relates to the admission of the testimony of plaintiff in relation to his conversation with Abbott. It appears from this testimony that just before the commencement of this suit Abbott offered the plaintiff $100 in full satisfaction of his note.

1. LANDLORD AND TENANT: evidence: offer of compromise: authority of attorney.

It is urged here that the admission of this testimony was improper, because it was an offer of compromise. This was not the objection urged in the court below. The contention there was that it was not shown that Abbott had any authority to make the offer. Abbott was at the time of trial an attorney of record in the case, and was called to the witness stand by the plaintiff, and examined as to his authority at the time of such conversation. He testified that he acted of his own motion, and that he had no authority from the defendants at that time. But the plaintiff testified that just before such conversation he had a conversation with the defendants. They told him "to go to Abbott and get the money." In pursuance of this direction, the plaintiff went to Abbott. He testified that prior to his conversation with Abbott he did not know that the defendants were making any claim against him. The form in which the information came to him from Abbott was that Abbott offered him $100 to settle it, and said: "If I didn't, it would cost me over $500 by the time I got through with it." Under this showing the testimony was not amenable to the objection made to it.

It was the claim of the defendants that the plaintiff was a very disagreeable boarder, and that he appropriated to his own use the only chimney hole that was available for the use of a heating stove, and left the defendants to use "only the kitchen stove."

2. EVIDENCE: relevancy: objection.

After Mrs. Van De Voorde had testified to this effect, her counsel put to her the following questions: "Q. How was that as to causing the baby to suffer?" "Q. Did it make your potatoes to freeze that winter?" Objection was interposed to each of these questions as incompetent, immaterial and irrelevant, and each objection was sustained. There was no error in these rulings. The form of the questions rendered them amenable to the objection made, even though their subject-matter were not objectionable, and we know of no rule of evidence that would permit the investigation of the subject-matter proposed under the issues of the case.

II. The defendants complain of many of the instructions of the court. The instructions are quite voluminous, being twenty in number. The court devoted a separate instruction to each item of the defendants' counterclaim. The defendants urge objection to most of them on the general ground that, in the light of the evidence, they were unfair to the defendants. We have read them with much care, and they do not impress us in that way. It is true that an observance of the instructions rendered it difficult, if not impossible, for the jury to make an allowance on the counterclaim; but this was not the fault of the instructions.

The defendants make particular complaint of particular error in instruction No. 4. That instruction deals with the item of the counterclaim for $223 for board. It consists of two paragraphs. In the first paragraph the jury is instructed that the burden is upon the defendants to prove the reasonable value of the board and the length of time the plaintiff boarded with them, and "that no

part of the amount therefor has been paid, before they can

3. LANDLORD AND
TENANT:
counterclaim:
payment:
burden of
proof: instruc-
tions.

recover upon this claim." In the second pararagaph of the same instruction the jury is instructed that the "burden is upon the plaintiff to prove that he paid for the board furnished him." The defendants' exception to this instruction is well taken. It is so manifestly contradictory and erroneous as to suggest a probable clerical error. It is erroneous, in that it makes it incumbent upon the defendants to prove that "no part" of the board bill was paid before they could be allowed to recover any part of it. It is contradictory, in that it lays the burden of proof of payment upon plaintiff and the same burden of proof of nonpayment on the defendants. Because of this error, appellants would be entitled to a reversal, were it not for the state of the evidence with reference to this item. The plaintiff testified concerning the alleged settlement of December 1, 1906. He stated in detail the items that entered into it and which made up the credit of $51.42 in favor of the defendants. This included the item of "balance back on board, $13.87." The defendants were both witnesses in their own behalf, but they neither denied this testimony nor offered any explanation of it, nor claimed any mistake with reference thereto. Plaintiff also testified that he paid $10 per month for his board, and that he paid the same from month to month as it accrued. This was not denied by either defendant. It is conceded that he did not board with the defendants after December 1, 1906. It seems to us, therefore, that there was nothing to go to the jury on this item for board, and the court would have been justified in withdrawing it altogether from the consideration of the jury. Appellants are therefore in no position to complain of the error in instruction No. 4. We think the other instructions complained of by appellants are free from error. It would extend this opinion to too great length to discuss them *seriatim*. We have gone through the evidence, as well as

the instructions, with much care, and are not favorably impressed with the defendants' case as a whole. We have much doubt whether the court should not have directed a verdict for the plaintiff for the full amount of his note less $2.40. The jury did allow defendants about $30 in addition to the $2.40 conceded by plaintiff. In order to make and sustain such allowance, the jury and the trial court placed upon defendants' case the most favorable construction possible. Upon the record as it appears before us, we see no proper ground of complaint.

The judgment below is *affirmed.*